UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

POWERDSINE, LTD.,

                  Plaintiff,

-against-

TEXAS INSTRUMENTS INCORPORATED,

                  Defendant.

CV 05 3926

CA No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

HURLEY, J.

J. ORENSTEIN, M.J.

    Plaintiff PowerDsine, Ltd. ("PowerDsine"), by and through its undersigned attorneys, hereby complains of Defendant Texas Instruments Incorporated ("TI") as follows:

**Parties**

    1.    PowerDsine is a corporation organized under the laws of Israel, with its principal place of business at 1 Hanagar Street, Hod Hasharon, Israel. PowerDsine designs and supplies integrated circuits, modules and systems that enable the implementation of Power-over-Ethernet ("PoE") in local area networks ("LANs"). PowerDsine's wholly owned U.S. subsidiary, PowerDsine, Inc., is a corporation organized under the laws of the State of New York with its principal place of business in Melville, New York.

    2.    Upon information and belief, TI is a corporation organized under the laws of the State of Delaware, with its principal place of business at 12500 TI Boulevard, Dallas, TX 75266.

    3.    Upon information and belief, TI manufactures and supplies Power-over-Ethernet equipment, including, but not limited to, the TPS2384 Power Sourcing Equipment manager.

## Jurisdiction and Venue

4. This action includes claims for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as well as claims for misappropriation of trade secrets, conversion and unjust enrichment. This is an action between citizens of a state and citizens or subjects of a foreign state, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, within the meaning of 28 U.S.C. § 1332.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

6. Upon information and belief, TI, a Delaware Corporation, transacts business within this Judicial District and/or contracts to supply goods or services in this Judicial District. TI regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Judicial District.

7. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

## Factual Background

**I.  Plaintiff - PowerDsine**

8. PowerDsine markets and sells industry-leading components that provide, among other things, Power-over-Ethernet for networks in accordance with the recently promulgated IEEE 802.3af standard. PowerDsine's customers regularly incorporate PowerDsine's 802.3af standard-compliant components into downstream Ethernet network products sold on the open market. These products provide power and data over Ethernet networks in compliance with the 802.3af standard.

9. Among its many products, PowerDsine sells PoE integrated solution modules and chips which are components of PoE networks. When installed into PoE networks, it is necessary for PowerDsine's integrated modules and chips to communicate with the rest of the network.

10. In early 2000, PowerDsine created and developed a communication protocol to be used with its integrated modules and chips. Since its creation, PowerDsine has continued to make unique and novel revisions to its protocol. PowerDsine devoted numerous man-years of labor towards developing this unique, original and novel creative work. PowerDsine's unique communication protocol is entitled Power-over-Ethernet Serial Communication Protocol ("Protocol"). It defines communication between a host central processing unit and a PoE unit controller for both bi-directional communication and firmware download.

11. PowerDsine's Protocol was developed exclusively for use with PowerDsine's industry-leading products.

12. PowerDsine's Protocol, and/or all documentation concerning the Protocol, is the original and novel creative work, copyrightable and/or copyrighted material, intellectual property, proprietary and confidential information, and/or constitutes trade secrets of PowerDsine.

13. PowerDsine's Protocol, and/or all documentation concerning the Protocol, has been the subject of reasonable efforts to maintain its proprietary and confidential nature and secrecy, and has derived economic value from not being generally known to or readily ascertainable through proper means by others who could obtain economic value from its disclosure or use.

14. PowerDsine's Protocol can be used with both "legacy" products, which are products that were developed prior to the recently promulgated IEEE 802.3af standard for PoE networks, as well as with standard-compliant products.

15. PowerDsine created a User Guide for its PoE Serial Communication Protocol. This User Guide is provided to customers of PowerDsine who purchase PowerDsine's PoE products and who agree not to disclose the information contained therein, and who sign a Nondisclosure Agreement. Since its original release, PowerDsine has authored revisions of its User Guide. Each of PowerDsine's User Guides, including revisions, is the original and novel creative work of PowerDsine.

## II.   Defendant – Texas Instruments

16. TI markets and sells PoE components which compete with PowerDsine's PoE products.

17. Upon information and belief, prior to about March 2005, TI used a communications protocol with its PoE products in which it used terminology and nomenclature that are consistent with the IEEE 802.3af standard for PoE networks.

18. Upon information and belief, in or about March 2005, in connection with the release of a new PoE chip, TI released a new Firmware User's Guide ("new User's Guide") for its TPS2384 POE Firmware version 1.1. TI's Firmware User's Guide contains information that enables customers to use firmware for TI's MSP430 that supports TI's TPS2384 Power Controller device.

4

19. The protocol described in TI's March 2005 Firmware User's Guide in which it uses terminology and nomenclature that are not consistent with the IEEE 802.3af standard, which its previous protocol had been. Rather, TI's new protocol is substantially similar to PowerDsine's Protocol.

20. TI has copied substantial portions of PowerDsine's Protocol. TI's new User's Guide contains significant portions of the original and novel creative work, copyrightable and/or copyrighted material, intellectual property, proprietary and confidential information and/or information which constitutes the trade secrets of PowerDsine.

21. TI has systematically copied large segments of PowerDsine's Protocol. TI's new User Guide even uses the unique Command nomenclature of PowerDsine's Protocol including, but not limited to, "Maskz," "Measurementz," "Paramz," "Productinfoz" and "Versionz." PowerDsine believes, and therefore avers, that this unique nomenclature could only be the result of copying.

22. Numerous portions of TI's new User's Guide contain substantial portions of PowerDsine's Protocol as described in Revision 1.1, as well as other versions, of PowerDsine's Power over Ethernet Serial Communication Protocol User Guide, including, but not limited to, the following examples:

5

(a) The structure and composition of TI's data packets are identical to the structure and composition of the unique 15-byte data packets of PowerDsine's Protocol as illustrated below:

| TI's User's Guide, section 3.1 | Copied from Powerdsine? |
|---|---|
| Table 3-2: Compatibility Protocol Data Format<br><br>| Byte | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |<br>|------|---|---|---|---|---|---|---|---|<br>| Field | KEY | ECHO NUM | Main Subject | Subject 1 | Subject 2/ DATA | DATA/ Space | DATA/ Space | DATA/ Space |<br>| Byte | 9 | 10 | 11 | 12 | 13 | 14 | 15 |<br>| Field | DATA/ Space | DATA/ Space | DATA/ Space | DATA/ Space | DATA/ Space | Check-sum (high) | Check-sum (low) | | \| 1 \| 2 \| 3 \| 4 \| 5 \| 6 \| 7 \| 8 \|<br>\|---\|---\|---\|---\|---\|---\|---\|---\|<br>\| YES \| YES \| YES \| YES \| YES \| YES \| YES \| YES \|<br>\| 9 \| 10 \| 11 \| 12 \| 13 \| 14 \| 15 \| \|<br>\| YES \| YES \| YES \| YES \| YES \| YES \| \| |

(b) TI's "Key" field values, which define the type of data packet message that is transmitted, are substantially similar to PowerDsine's Key field values, as illustrated below:

| TI's User's Guide, section 3.1.1 "KEY" Field. | | Copied from Powerdsine? |
|---|---|---|
| Table 3-3: KEY field values | | |
| Value | Description | |
| 0x00 | Command | **YES** |
| 0x01 | Program | **YES** |
| 0x02 | Request | **YES** |
| 0x03 | Telemetry response | **YES** |
| 0x52 | Report | **YES** |
| 0x54 | Software Download | |

6

(c) The structure and assigned values for various fields and commands defined in TI's User's Guide are either identical or substantially similar to the original and creative assigned set of values of PowerDsine's Protocol. As illustrated below, TI has copied 35 of its 39 fields and commands from PowerDsine's Protocol:

| Texas Instruments' Instruction Set | | | Instruction Copied from Powerdsine? |
|---|---|---|---|
| Table 3-46: Protocol Field decoding | | | |
| KEY | Value (Decimal) | Value (HEX) | |
| Command | 0 | 0x00 | **YES** |
| Program | 1 | 0x01 | **YES** |
| Request | 2 | 0x02 | **YES** |
| Telemetry | 3 | 0x03 | **YES** |
| Report | 82 ("R") | 0x52 | **YES** |
| Main Subject | Value (Decimal) | Value (HEX) | |
| Channel (CH) | 5 | 0x05 | **YES** |
| E2 | 6 | 0x06 | **YES** |
| Global | 7 | 0x07 | **YES** |
| RestoreFact | 45 | 0x2D | **YES** |
| Flash | 255 | 0xFF | **YES** |
| Subject 1 | Value (Decimal) | Value (HEX) | |
| DetectTest | 60 | 0x3C | **YES** |
| Latch | 58 | 0x3A | **YES** |
| Maskz | 43 | 0x2B | **YES** |
| On Off | 12 | 0x0C | **YES** |

NY2 - 428825.05

| Texas Instruments' Instruction Set | | | Instruction Copied from Powerdsine? |
|---|---|---|---|
| KEY | Value (Decimal) | Value (HEX) | |
| Paramz | 37 | 0x25 | **YES** |
| PortsStatus1 | 49 | 0x31 | **YES** |
| PortsStatus2 | 50 | 0x32 | **YES** |
| PortsStatus3 | 51 | 0x33 | **YES** |
| PortsStatus4 | 71 | 0x47 | **YES** |
| PortsStatus5 | 72 | 0x48 | **YES** |
| PortStatus | 14 | 0x0E | **YES** |
| Priority | 10 | 0x0A | **YES** |
| ProductInfoz | 19 | 0x13 | **YES** |
| Reset | 85 | 0x55 | **YES** |
| SaveConfig | 15 | 0x0F | **YES** |
| Supply | 11 | 0x0B | **YES** |
| SystemStatus | 61 | 0x3D | **YES** |
| Temporary | 66 | 0x42 | **YES** |
| TemporaryChannelMatrix | 67 | 0x43 | **YES** |
| Versionz | 30 | 0x1E | **YES** |
| Power | 84 | 0x57 | |
| I2C Configuration | 240 | 0xF0 | |
| SysProtoExtension1 | 239 | 0xEF | |
| ChProtoExtension1 | 88 | 0x58 | |
| Subject 2 | Value (Decimal) | Value (HEX) | |
| HardwareVersion | 33 | 0x21 | |
| MAIN | 23 | 0x17 | **YES** |
| Measurementz | 26 | 0x1A | **YES** |
| Supply1 | 21 | 0x15 | **YES** |
| Supply2 | 22 | 0x16 | **YES** |

8

23. The portions of PowerDsine's Protocol found in TI's User's Guide constitute original and novel creative work or substantial portions thereof. PowerDsine believes, and therefore avers, that the substantial portions of PowerDsine's Protocol found in TI's User's Guide could only appear therein as a result of copying.

24. TI provides its User's Guide containing PowerDsine's Protocol to TI's customers in conjunction with a sale of TI's PoE products.

## Count I
## Copyright Infringement

25. PowerDsine repeats and realleges each of the foregoing allegations as if fully set forth herein.

26. PowerDsine is the owner of the copyright and/or copyright interests in its Power-over-Ethernet Serial Communication Protocol and all versions thereof.

27. PowerDsine's Protocol, and/or all documentation concerning the Protocol, is the original and novel creative work, copyrightable and/or copyrighted material, intellectual property, proprietary and confidential information and/or constitutes trade secrets of PowerDsine.

28. PowerDsine's Protocol, and/or all documentation concerning the Protocol, comprises and contains copyrightable subject matter.

29. PowerDsine has filed a registration application for its Power-over-Ethernet Serial Communication Protocol with the United States Copyright Office.

30. TI has engaged in the unlawful copying of original elements of PowerDsine's works by, *inter alia*, copying PowerDsine's work and by making and distributing derivative works and has infringed PowerDsine's copyrights.

9

31. TI's infringing misconduct was willful.

32. As a result of TI's infringing misconduct, PowerDsine has suffered significant economic injuries and, unless TI ceases its infringing misconduct, will continue to suffer such injuries.

33. PowerDsine is entitled to, *inter alia*, an injunction restraining TI and all persons acting in concert with it, from engaging in further acts in violation of the copyright laws.

34. PowerDsine believes, and therefore avers, that TI will continue its unlawful infringement of PowerDsine's copyrights unless TI is enjoined from doing so.

**Count II**
**Misappropriation of Trade Secrets**

35. PowerDsine repeats and realleges each of the foregoing allegations as if fully set forth herein.

36. PowerDsine's Protocol, and/or all documentation concerning the Protocol, is the original and novel creative work, copyrightable and/or copyrighted material, intellectual property, proprietary and confidential information and/or constitutes trade secrets of PowerDsine.

37. PowerDsine's Protocol comprises and contains information used in PowerDsine's business, which gives PowerDsine the opportunity to obtain an advantage over competitors who do not know or use it.

38. PowerDsine's Protocol, and/or all documentation concerning the Protocol, has been the subject of reasonable efforts to maintain its proprietary and confidential nature and secrecy, and has derived economic value from not being generally known to or readily ascertainable through proper means by others who could obtain economic value from its

disclosure or use.

39. PowerDsine has only disclosed its Protocol, and/or documentation concerning its Protocol, subject to the execution of a nondisclosure agreement by its customers, which prohibits the disclosure of the Protocol and/or documentation concerning the Protocol, or any information contained therein.

40. By and through its unauthorized and otherwise wrongful and unlawful misappropriation and/or disclosure of PowerDsine's Protocol, and/or documentation concerning the Protocol, TI has acted in derogation of the common law and/or in violation of the common law and/or in violation of the Uniform Trade Secrets Act to misappropriate the trade secrets of PowerDsine.

41. As a direct and proximate result of TI's misappropriation of PowerDsine's trade secrets, PowerDsine has suffered and shall continue to suffer a substantial loss of income, substantial loss of profits and other substantial economic harm, the full extent of which is not yet known and is to be determined at trial.

## Count III
## Conversion

42. PowerDsine repeats and realleges each of the foregoing allegations as if fully set forth herein.

43. As stated above, at all times relevant hereto, PowerDsine's Power-over-Ethernet Serial Communication Protocol, and/or all documentation concerning the Protocol, is the original and novel creative work, copyrightable and/or copyrighted material, intellectual property, proprietary and confidential information and/or constitutes trade secrets of PowerDsine.

44. By and through its unauthorized and otherwise wrongful and unlawful use

and/or distribution or disclosure of PowerDsine's Protocol, and/or documentation concerning the Protocol, TI has wrongfully exercised dominion and/or control over the Protocol so as to constitute conversion, including, but not limited to, conversion by use, and conversion by distribution, as described in the Restatement (Second) of Torts §§ 227 and 228.

45. As a direct and proximate result of TI's conversion, PowerDsine has suffered and shall continue to suffer a substantial loss of income, substantial loss of profits and other substantial economic harm, the full extent of which is not yet known and is to be determined at trial.

## Count IV
## Unjust Enrichment

46. PowerDsine repeats and realleges each of the foregoing allegations as if fully set forth herein.

47. At all times relevant hereto, PowerDsine's Power-over-Ethernet Serial Communication Protocol, and/or all documentation concerning the Protocol, is the original and novel creative work, copyrightable and/or copyrighted material, intellectual property, proprietary and confidential information and/or constitutes trade secrets of PowerDsine.

48. By and through its unlicensed, unauthorized, and otherwise wrongful and unlawful copying, use and/or distribution or disclosure of PowerDsine's Protocol, and/or all documentation concerning the Protocol, TI has been unfairly, unjustly and unjustifiably enriched, and it would be inequitable for TI to retain the income, profits, benefits, gains and/or advantages derived from its unjust enrichment, so that, at least to the extent that there is no adequate remedy at law for TI"s unjust enrichment, TI should be required to pay the value of its unjust enrichment as a matter of equity.

49. The full extent of TI's unjust enrichment is not yet known and is to be determined at trial.

## Prayer for Relief

50. Wherefore, Plaintiff PowerDsine demands judgment in its favor and against defendant TI, and hereby prays that it be awarded relief:

    (a) declaring and/or adjudging that Defendant TI has infringed PowerDsine's copyrights in its Power-over-Ethernet Serial Communication Protocol and/or User Guide;

    (b) enjoining Defendant TI and its corporate successors, parents, subsidiaries and divisions, and their respective directors, officers, employees, servants and agents, from directly or indirectly infringing PowerDsine's copyrights;

    (c) requiring TI to account for all income, profits, gains and advantages derived from its infringement of PowerDsine's copyrights, and awarding to PowerDsine damages equal to, or equal to the value of, such income, profits, gains and advantages, or otherwise awarding PowerDsine damages in an amount to be determined at trial;

    (d) awarding PowerDsine all damages recoverable for TI's infringement of PowerDsine's copyrights under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and all other relief allowed, including but not limited to, impoundment;

    (e) declaring and/or adjudging that TI has misappropriated PowerDsine's intellectual property and trade secrets;

    (f) enjoining Defendant TI and its corporate successors, parents, subsidiaries and divisions, and their respective directors, officers, employees, servants and

agents, from directly or indirectly using or disclosing PowerDsine's intellectual property and trade secrets;

(g) requiring TI to account for all income, profits, gains and advantages derived from its misappropriation of PowerDsine's intellectual property and trade secrets, and awarding PowerDsine damages equal to, or equal to the value of, such income, profits, gains and advantages, or otherwise awarding TI damages in an amount to be determined at trial;

(h) declaring and/or adjudging that TI has converted PowerDsine's property;

(i) requiring TI to account for all income, profits, gains and advantages derived from its conversion of PowerDsine's property, and awarding PowerDsine damages equal to, or equal to the value of, such income, profits, gains and advantages, or otherwise awarding PowerDsine damages in an amount to be determined at trial;

(j) declaring and/or adjudging that TI has been and is being unjustly enriched;

(k) requiring TI to account for all income, profits, gains and advantages derived from its unjust enrichment, and awarding PowerDsine damages equal to, or equal to the value of, such income, profits, gains and advantages, or otherwise awarding PowerDsine damages in an amount to be determined at trial;

(l) awarding PowerDsine damages for all past, present and future loss of income and/or profits, and all past, present and future economic losses and harm, and otherwise awarding PowerDsine actual and/or compensatory damages in an amount to be determined at trial;

(m) awarding PowerDsine punitive damages;

14

    (n)    awarding PowerDsine counsel fees;

    (o)    awarding PowerDsine costs;

    (p)    awarding such other and further relief at law or in equity as to which PowerDsine may be entitled.

## JURY DEMAND

PowerDsine demands a trial by jury on all issues so triable.

Dated: New York, New York
       August 16, 2005

                              CHADBOURNE & PARKE LLP

                              By_____
                                Joseph A. Calvaruso (JC-9474)
                                Walter G. Hanchuk (WH-7096)
                                Kenneth S. Weitzman (KW-8125)
                                Dennis C. Hopkins (DH-3767)
                           30 Rockefeller Plaza
                           New York, New York 10112
                           (212) 408-5100

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

POWERDSINE, LTD.,

    Plaintiff,

-against-

TEXAS INSTRUMENTS INCORPORATED,

    Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

**CHADBOURNE & PARKE LLP**
ATTORNEYS FOR
Plaintiff

COPY

OFFICE AND P.O. ADDRESS
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112
(212) 408-5100